UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Louis & Lillian Gareis,
    Plaintiffs

v.

3M Company &
Arizant Healthcare, Inc.,
    Defendants.

Case No. 16-cv-4187 (JNE/FLN)
AMENDED ORDER

On April 12, 2018, the Court heard argument on the parties' case-specific dispositive Motions in this case, the first scheduled bellwether trial of *in re Bair Hugger Forced Air Warming Devices Products Liability Litigation*. The parties' arguments were well-developed on the papers and at the Hearing. The Court disposes of the Motions below.

The Court **DENIES** Defendants' Motion to exclude expert testimony by Said Elghobashi [Dkt. No. 45]. Although Elghobashi proposes to testify about squame-spreading in a hypothetical operating room that differs from Gareis's factual operating room, those differences are neutral or adverse to his opinion that Bair Hugger use can spread squames to the prosthetic joint while that joint is exposed during joint-replacement surgery. And, although Elghobashi disclosed his report late, Defendants were not prejudiced. For the most part, Elghobashi disclosed his proposed testimony in his timely report on general causation. The late report differs only in that it assumes a lesser flow rate of air from the Bair Hugger and a lower temperature of that air.

The Court **DENIES** Defendants' Motion to exclude expert testimony by Michael J. Stonnington & William R. Jarvis [Dkt. No. 32]. Contrary to Defendants' arguments,

Stonnington and Jarvis may rely on Gareis's medical records to rule out alternative causes as less likely. It is not required evidentiary foundation for their testimony that they rule out unknown factors or consider adverse conclusions, including what Gareis's treating physicians might have concluded.

For Defendants' Motion for summary judgment on all claims [Dkt. No. 22], the Court applies South Carolina law. Minnesota choice-of-law factors favor South Carolina or are neutral. First, predictability favors South Carolina because Defendants shipped the accused products into South Carolina and Gareis could have expected any claims arising from his surgery in South Carolina to be governed by its law. *See Mooney v. Allianz Life Ins. Co. of N. Am.*, 244 F.R.D. 531, 536 (D. Minn. 2007) (considering "whether the choice of law was predictable before . . . event giving rise to the cause of action").

Second, South Carolina's governmental interests dominate Minnesota's interest in policing local manufacturers. *See Schwartz v. Consol. Freightways Corp. of Del.*, 221 N.W.2d 665, 668 (Minn. 1974) (weighing governmental interests). South Carolina has created causes of actions, though limited by statute, to compensate its citizens and regulate manufacturers who profit from its markets, so, here, its interests outweigh the forum state's. South Carolina's statute of limitations likewise forces its citizens to be diligent in pursuing their legal claims. *State ex rel. Condon v. City of Columbia*, 528 S.E.2d 408, 413-14 (S.C. 2000) (holding that statutes of limitations "are designed to promote justice by forcing parties to pursue a case in a timely manner. Parties should act before memories dim, evidence grows stale or becomes nonexistent, or other people act in reliance on what they believe is a settled state of public affairs."). Gareis should not be

able to escape South Carolina policy by having Minnesota law apply to his claims. *Cf. Fluck v. Jacobson Mach. Works, Inc.*, 1999 WL 153789, at *3 (Minn. Ct. App. Mar. 23, 1999) (unpublished) (denying defendant benefit of state's statute of repose because, "Unlike a tort statute of limitations . . . , the statute of repose prevents the cause of action from accruing in the first place.").

The other choice-of-law factors are neutral. Both states have "sufficient contacts with an interest in the facts . . . being litigated." *See Myers v. Gov't Emp. Ins. Co.*, 225 N.W.2d 238, 242 (Minn. 1974). Gareis argued that the remaining factors are not relevant.

The Court **GRANTS IN PART** Defendants' Motion for summary judgment, as to Defendants' lack of a duty to warn. As of the surgery that allegedly caused Gareis's prosthetic-joint infection, the available scientific or medical data would not have alerted a reasonable medical-device manufacturer that the Bair Hugger could cause a prosthetic-joint infection. Although Gareis cites documents that purportedly trigger a duty to warn, these documents are not scientific or medical data and so do not trigger a duty to warn. These facts also preclude Gareis from showing negligence—that Defendants failed to meet a reasonable medical-device manufacturer's standard of care, whether in their Bair Hugger distribution or in their other activities. Gareis must show at least negligence for his claims of negligence, unfair and deceptive trade practices, misrepresentation and unjust enrichment. Because he has not created a fact issue as to negligence, summary judgment is GRANTED for Defendants as to these claims (Gareis's counts 1, 4-11 and 14).

The Court **DENIES IN PART** Defendants' Motion for summary judgment, only as to Gareis's strict-liability claim for design defect. Asserting three arguments, Defendants move for summary judgment of no design defect. As to these arguments, the Motion is denied. First, Gareis may present the TableGard to the jury as embodying an alternative design. By warming patients conductively, the TableGard does not spread squames by disrupting operating-room airflow like Elghobashi describes. As of 2008, the TableGard was feasible. The FDA cleared it then as substantially equivalent to the Bair Hugger based on performance and safety testing. Weighing its utility and risk as compared to the Bair Hugger, the jury may decide whether the TableGard embodies a reasonable alternative design. Second, although Gareis sued more than three years after his prosthetic-joint infection was diagnosed, the jury may decide whether Gareis reasonably relied on advice from his orthopedic surgeon that prosthetic-joint infections sometimes happen even without fault. *See True v. Monteith*, 489 S.E.2d 615, 617 (1997). Third, the testimony of Stonnington and Jarvis creates a fact issue of whether, more likely than not, a Bair Hugger caused Gareis's prosthetic-joint infection. Defendants' other arguments are moot because this Order grants summary judgment for Defendants as to the claims to which those arguments pertain.

The Court **DENIES IN PART** and **GRANTS IN PART** Gareis's Motion for summary judgment on Defendants' defenses [Dkt. No. 41]. The Motion is moot as to defenses withdrawn, including failure to join necessary and proper parties, failure to mitigate, estoppel, spoliation, the Commerce Clause and the First Amendment. In view of this Order's disposition of Defendants' Motion for summary judgment, Gareis's

Motion is moot as to the statute of limitations and defenses related to warning including adequate warning and Restatement (Second) of Torts §§ 388, 402a.  The Motion is **DENIED IN PART** as to defenses for which Defendants need not submit evidence, including comparative fault and other forms of alternative causation, product misuse, and state of the art.

    Gareis' Motion is **GRANTED IN PART** as to express preemption.  The Court will dispose of the Motion as to conflict preemption in a separate order, after further briefing to be scheduled by the parties.  Federal law does not expressly preempt Gareis's claims because the Bair Hugger was subject to FDA clearance—not FDA approval. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 494 (1996).  Even if the FDA clears devices "with a concern for . . . safety," express preemption does not attach.  *Id.*  And even now, despite changes to the clearance process, clearance is still "concerned with 'equivalence, not safety.'"  *Mack v. Stryker Corp.*, 748 F.3d 845, 856 (8th Cir. 2014) (quoting id. at 493 (emphasis omitted)).  Clearance is thus irrelevant to Gareis's surviving claim for design defect, *see id.*, so Gareis's Motion is also **GRANTED IN PART** as to regulatory compliance.

Dated:  April 17, 2018                                              s/ Joan N. Ericksen
                                                                                      JOAN N. ERICKSEN
                                                                                      United States District Judge